### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYNE E. WALTERS, | |
| Plaintiff, | NO. 1:08-cv-01800 |
| v. | (JUDGE CAPUTO) |
| BELLEVILLE COMMONS STANFORD MANAGEMENT, LLC, et al., | |
| Defendants. | |

### **MEMORANDUM**

Presently before the Court is the Complaint of Plaintiff Wayne Walters against Defendants Belleville Commons Stanford Management, LLC and Donna Gibboney. (Doc. 1.) Plaintiff's counsel has also filed a Motion For Leave to Proceed *In Forma Pauperis* (Doc. 4) along with a supporting Affidavit from Plaintiff (Doc. 5).

Section 1915 of Title 28 of the United States Code provides a two-step process for reviewing *in forma pauperis* ("IFP") petitions. The Third Circuit Court of Appeals has made it clear that district courts should first consider a litigant's financial status and determine whether he is eligible to proceed *in forma pauperis*, before assessing the complaint under section 1915 to determine whether it is frivolous. *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990).

The decision whether to grant or deny IFP status rests within the sound discretion of the district courts. *United States v. Holiday*, 436 F.2d 1079, 1079-80 (3d Cir. 1971) (citing decisions from other circuits). Poverty sufficient to qualify for *in forma pauperis* status does not require penniless destitution. *Ward v. Werner*, 61 F.R.D. 639, 640 (M.D. Pa. 1974)

(citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948)). However, leave to proceed *in forma pauperis* is discretionary with the court, and "there exists no fixed net worth which disqualifies a party as a pauper." *Id*. (citations omitted). "Yet, the mere assertion of poverty does not serve as a substitute for indigency." *Id*.

In his IFP Affidavit, Plaintiff describes his financial situation as follows. Mr. Walters currently receives four hundred ninety-eight dollars ($498.00) in Social Security income each month. (Doc. 5 ¶ 3.) This is Mr. Walters only source of income, and he has no investments or other property that can be readily converted into funds to pay the costs of this action. (*Id.* ¶¶ 3, 6.)

Assuming this to be a complete and accurate depiction of Plaintiff's financial situation, the Court finds that he qualifies for IFP status. According to the Court's calculation, Plaintiff has an annual income of less than six thousand dollars ($6,000.00). Therefore, the Court finds that payment of the filing fee would present Plaintiff with an undue hardship or deprive him of life's necessities. *See Adkins*, 335 U.S. at 339.

"Under 28 U.S.C. § 1915(d), a district court is authorized to dismiss as frivolous claims based on an indisputably meritless legal theory and claims whose factual contentions are clearly baseless." *Roman*, 904 F.2d at 194 (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)) (current version at 28 U.S.C. § 1915(e)). If a court is satisfied that an action *in forma pauperis* is frivolous or malicious it is authorized to dismiss the case *sua sponte*; in fact, a frivolous complaint *requires* dismissal regardless of the plaintiff's inability to pay. 28 U.S.C. § 1915(e)(2)(B)(i) (emphasis added). Such action is appropriate to prevent abuse of the processes of the court. "[T]he frivolousness determination is a discretionary one," and trial

courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When reviewing a complaint for frivolity under § 1915(e), the court is not bound, as it is on a motion to dismiss, "to accept without question the truth of the plaintiff's allegations." *Id.* at 32.  It is important to note, however, that where a frivolous *in forma pauperis* complaint can be remedied by amendment, a district court may not dismiss the complaint as frivolous and must permit the amendment.  FED. R. CIV. P. 15; *Denton*, 504 U.S. at 34.

Plaintiff's complaint alleges deprivations pursuant to the United State Rural Development (Farm Housing) Act, 42 U.S.C. § 1485, the Fair Housing Act, 42 U.S.C. § 3601, et seq., and the Declaratory Judgment Act, 28 U.S.C. § 2201 for Defendants' refusal to renew Plaintiff's lease.  As the Plaintiff's claims are not frivolous for the purpose of an IFP application, Plaintiff's motion for IFP status will be granted.

An appropriate order will follow.

 September 30, 2008                                          /s/ A. Richard Caputo
Date                                                                    A. Richard Caputo
                                                                              United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WAYNE E. WALTERS, | |
| Plaintiff, | NO. 1:08-cv-01800 |
| v. | (JUDGE CAPUTO) |
| BELLEVILLE COMMONS STANFORD MANAGEMENT, LLC, et al., | |
| Defendants. | |

## ORDER

**NOW**, this 30th day of September, 2008, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's application to proceed in forma pauperis (Doc. 4) is **GRANTED**.

(2) The Clerk of the Court shall prepare a summons for service by United States Marshals with the complaint on the Defendants named herein;

(3) The Defendants shall respond to the complaint within twenty (20) days of the date service is made pursuant to Fed. R. Civ. P. 12(a)(1).

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge