# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYNE E. WALTERS, | |
| Plaintiff, | CIVIL ACTION NO. 3:08-cv-1800 |
| v. | (JUDGE CAPUTO) |
| BELLEVILLE COMMONS, STANFORD MANAGEMENT, LLC, and DONNA GIBBONEY, | |
| Defendants. | |

## MEMORANDUM

Presently before this Court is Plaintiff's Motion to Dismiss Defendants' Counter-claim[s] for abuse of civil process and wrongful use of civil proceedings under Federal Rule of Civil Procedure 12(b)(6). (Doc. 36.) I will deny the motion to dismiss because Defendants allege sufficient facts to support their causes of action.

This Court has jurisdiction over the initial complaint pursuant to 28 U.S.C. § 1331 (federal question) and over counter-claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

## BACKGROUND

The facts alleged in the Defendants' counter-claims which are relevant to the motion at issue are as follows:

Plaintiff Wayne Walters ("Walters") filed a complaint with the Pennsylvania Human Relations Commission ("PHRC") on October 15, 2007 complaining of discrimination by his landlord Stanford Management. (Doc. 35 ¶ 107.) Walters also filed a complaint with

the United States Department of Housing and Urban Development ("HUD") on June 14, 2008, complaining of retaliation by Stanford Management. (*Id.* ¶ 108.) An additional complaint was filed with PHRC on June 17, 2008 (*Id.* ¶ 109), and another with HUD on October 16, 2008. (*Id.* ¶ 110.) At least one of these complaints has been resolved against Walters. (*Id.* ¶ 87.) Walters filed these multiple complaints primarily with the purpose of persuading Stanford Management and Donna Gibboney, Stanford's representative, to cease inspections of the property and to stop issuing notices that he was in violation of his lease. (Doc. 35 ¶ 112, 113.) These complaints harmed the Defendants because they were forced to defend against these actions. (*Id.* ¶ 116.)

On May 6, 2009, Plaintiff filed an amended complaint against the Defendants. (Doc. 34.) Defendants filed an answer to the complaint on May 20, 2009. (Doc. 35.) Also in the answer were two counter-claims for abuse of process and wrongful use of civil proceedings. (*Id.*) Plaintiff filed a motion to dismiss Defendants' counter-claims on June 9, 2009. (Doc. 36.) This motion has been fully briefed by both parties and is ripe for disposition.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to

raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

3

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

**I.     Abuse of Process**

Abuse of process is a tort under Pennsylvania law. "The gist of an action for abuse of process is the improper use of process after it has been issued, that is, a perversion of it." *Rosen v. Tesoro Petroleum Corp.*, 582 A.2d 27, 32 (Pa. Super. 1990). There are three elements necessary to sustain the cause of action of abuse of process in Pennsylvania. They are: (1) the defendant used a legal process against the plaintiff, (2) that action was primarily to accomplish a purpose for which the process was not designed, and (3) harm was caused to the plaintiff. *Harris v. Brill*, 844 A.2d 567, 572 (Pa. Super. 2004). "Abuse of process, is, in essence, the use of legal process as a tactical weapon to coerce the desired result that is not the legitimate object of the process." *Id.*

At this stage of the proceedings, Defendants need only allege facts sufficient to support their claim; they do not need to provide convincing evidence of these facts. Defendants allege that numerous legal proceedings were filed (Doc. 34 ¶¶ 107-10), that these actions were used primarily for another purpose (namely discouraging inspections

4

and warnings) (*Id.* ¶¶ 111-13), and that there was harm to the Defendants in the form of wasted money and resources. (*Id.* ¶¶ 115-16.) Because Defendants allege a sufficient claim for abuse of process, I will deny Plaintiff's motion to dismiss on this claim.

## II. Wrongful Use of Civil Proceedings

Under Pennsylvania law, the requirements for a claim of wrongful use of civil proceedings are set out in 42 PA. CONS. STAT. § 8351, also known as the Dragonetti Act. The claimant must demonstrate:

> (1) the defendant has procured, initiated or continued the civil proceedings against him; (2) the proceedings were terminated in his favor; (3) the defendant did not have probable cause for his action; (4) the primary purpose for which the proceedings were brought was not that of securing the proper discovery, joinder of parties or adjudication of the claim on which the proceedings were based; and (5) the plaintiff has suffered damages.

*Kit v. Mitchell*, 771 A.2d 814, 819 (Pa. Super. Ct. 2001). Defendant alleges that the complaints to the PHRC were filed by Walters. (Doc. 35 ¶ 107-110.) While not all actions filed Walters have been resolved, at least one of the complaints has been resolved against Walters. (*Id.* ¶ 87.) Defendants also allege that the complaints were not for the purpose of reporting discrimination or retaliation, but instead were for the ulterior motive of discouraging the inspection of Walters apartment and the continued sending of notices that Walters was violating his lease agreement. (*Id.* ¶ 112-13.) If true, then Defendants could establish that such actions were done without probable cause and for another primary purpose. Finally, Defendants allege that they suffered damages because of costs spent defending the claim. (*Id.* ¶ 116.) Damages available under a

5

claim for wrongful use of civil proceedings include the expenses incurred in defense of such proceedings.  42 PA. CONS. STAT. § 8353(3).  Weighing of credibility and examinations on likelihood of success are not appropriate at this stage; instead this Court must consider only whether the allegations make out a valid cause of action.  Here the Defendants' allegations make out a claim for wrongful use of civil proceedings; Plaintiff's motion to dismiss on this claim will also be denied.

## CONCLUSION

Because the Defendants' counter-claims allege sufficient facts to support claims for abuse of process and wrongful use of civil proceedings, Plaintiff's motion to dismiss (Doc 36) will be denied.

An appropriate Order follows.


 September 17, 2009  /s/ A. Richard Caputo  
Date  A. Richard Caputo  
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYNE E. WALTERS,<br><br>  Plaintiff,<br><br>  v.<br><br>BELLEVILLE COMMONS, STANFORD MANAGEMENT, LLC, and DONNA GIBBONEY,<br><br>  Defendants. | CIVIL ACTION NO. 3:08-cv-1800<br><br>(JUDGE CAPUTO) |

## ORDER

**NOW**, this  17th  day of September, 2009, **IT IS HEREBY ORDERED** that Plaintiff's motion to dismiss (Doc. 36) Defendants' counter-claims is **DENIED**.

 /s/ A. Richard Caputo  
A. Richard Caputo  
United States District Judge